# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRIT F. AUGBORNE, III, | |
|               Plaintiff, | 2:20-cv-00295-ART-VCF |
| v. | **REPORT AND RECOMMENDATION FOR DISMISSAL** |
| HDSP, et. al., | |
|               Defendants. | |

Before the court is *Brit F. Augborne, III v. HDSP, et al.*, case number 2:20-cv-00295-APG-VCF. Relevant background:

On April 1, 2022, the court scheduled a video conference hearing on the motion for reproduction of documents electronically stored information, and tangible things (ECF No. 21), motion to strike (ECF No. 22), motion to strike (ECF No. 23), and defendants' motion for extension of dispositive motion deadline (ECF No. 25) for April 27, 2022. (ECF Nos. 24, 28). On April 22, 2022, the Court received the return to sender/unable to forward mail envelope containing the first order setting the hearing for April 27, 2022. (ECF No. 29).

On April 27, 2022, the court held a video conference hearing on the pending motions ECF Nos. 21, 22, 23, and 25. Appearing by video for defendant was William Shogren, Esq. Courtroom 3D doors were opened during the hearing for plaintiff to appear in person. Plaintiff failed to appear. (ECF No. 30).

On April 29, 2022, the court scheduled an in-person show cause hearing for 11:00 AM, June 1, 2022. (ECF No. 32). The Order was mailed to Brit Augborne at the addresses of 2920 W. 141 Place, Apt. 2, Gardena, CA and 131 E. 78th St., Los Angeles, CA. On May 3, 2022, defendants filed the last known address of plaintiff. (ECF No. 34).

1

On June 1, 2022, the court held the show cause hearing and heard representations from defense counsel Austin Barnum. Plaintiff failed to appear. (ECF No. 36). Mr. Barnum said that plaintiff's parole officer went to the last known address of Plaintiff at 1821 Klamath Falls Way, Las Vegas, Nevada and was unable to serve Plaintiff with the show cause order. The owner at 1821 Klamath Falls Way told the parole officer that Plaintiff does not reside at that address.

Under Local Rule IA 3-1, "[a]n attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

Here, Plaintiff failed to comply with LR IA 3-1 and the Court's Orders (ECF Nos. 24, 28, 32), and it would seem as though Plaintiff has abandoned this case.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d

828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone,* 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali,* 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The court has held several hearings and has given Plaintiff ample notices and opportunities to prosecute this case.  Again, Plaintiff has failed to follow the rules of this Court by not updating his address and by not appearing for hearings.  (ECF Nos. 24, 28, 32).

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF Nos. 24, 28, 32) and for failure to prosecute.

The Court Clerk is directed to mail a copy of this order to Plaintiff at the following addresses:

Brit F. Augborne, III
2920 W.141 Place, Apt. 2
Gardena, CA 90249

Brit F. Augborne, III
131 E. 78th St.
Los Angeles, CA 90003

Brit F. Augborne, III
1821 Klamath Falls Way
Las Vegas, Nevada 89128

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE